### In re DILLER.

(District Court, N. D. California. April 6, 1900.)

#### No. 3,025.

BANKRUPTCY—SETTING APART EXEMPTIONS—SALE OF EXEMPT PROPERTY.

Where the state exemption law allows to a debtor "his mining claim actually worked by him, not exceeding $1,000 in value," and the bankrupt owns a mining claim consisting of three parcels of land of different values, but worth in the aggregate more than $1,000, which he claims as exempt, the trustee should set apart to him so much of the land as will not exceed the statutory allowance, if the partition can be made without injury to the rest; otherwise, the whole must be sold, all existing liens thereon paid out of the proceeds, and the bankrupt allowed to retain out of the balance a sum not exceeding $1,000.

In Bankruptcy. On review of decision of referee in bankruptcy.

Heller & Powers, for petitioner.

DE HAVEN, District Judge. It appears from the certificate of the referee that parcels 18, 19, and 20 of the real estate described in the bankrupt's petition constitute a mining claim; that such real estate was duly claimed by the bankrupt as exempt under the laws of this state; that the trustee refused to allow such exemption, and this action of the trustee was affirmed by the referee. The grounds of the referee's decision are set forth in his certificate as follows:

"The three parcels above named constitute a mining claim, and the only way I have of determining the value of said mining claim is by a reference to the inventory and appraisement on file herein, which appraises each parcel of said claim as follows: Parcel No. 18, $5,300, parcel No. 19, $400, and parcel No. 20, no value. Under the law above cited, said mining claim cannot be set apart as exempt, for the reason that its value exceeds $1,000, and under a most liberal construction of said section I do not think I would be justified, especially so in the absence of evidence, in setting apart as exempt a portion of said mining claim, when such act might render the whole mine or claim valueless. The refusal, therefore, of the trustee to set apart any portion of said mining claim as exempt is sustained."

Subdivision 5 of section 690 of the Code of Civil Procedure of this state provides that "the cabin or dwelling of a miner, * * * and also his mining claim actually worked by him, not exceeding in value the sum of one thousand dollars," shall be exempt from execution. If the property claimed as exempt in this proceeding can be partitioned in such manner as to give to the bankrupt so much thereof as shall not exceed in value the sum of $1,000, without injury to the part remaining, this should be done. If, however, in the judgment of the appraisers or commissioners appointed for that purpose, the property cannot be divided, and a portion set off to the bankrupt, without great prejudice to the interest of the estate in bankruptcy, then it should be sold, and out of the proceeds all existing liens thereon paid, and the bankrupt allowed to retain out of any balance that may remain a sum not exceeding $1,000. Section 186, Loveland, Bankr. The order of the referee is reversed, and the trustee is directed to proceed in accordance with the directions in this opinion, if it shall be made to appear that the property claimed by the bankrupt as exempt was actually worked by him as a mining claim.